JANVIER, Judge.
This suit results from a daytime inter-sectional collision of two automobiles at the corner of Derbigny and Tenth Streets in the City of Gretna on the West bank of the Mississippi River.
The streets cross at a right angle and the intersecting corner is what is generally termed “blind” since along the property line of both streets there is a fence which makes it impossible for the driver of a car on either street to see a car on the other until within a very few feet of the corner.
Mrs. Roy J. Gattuso, the wife of plaintiff, was driving the family Packard car on Tenth Street going in a westerly or upriver direction, and defendant, Terry L. Callahan, was operating his Oldsmobile on Derbigny Street, going in a southerly direction, so that as the two vehicles neared the intersection, the car of Callahan was to the right of Mrs. Gattuso. The Callahan car struck the Packard of Gattuso on its right side near the middle and that car suffered severe damage to that side, and the Callahan car sustained serious injury to its front.
Gattuso, alleging that the accident resulted from negligence on the part of Callahan and that Mrs. Gattuso had been in no way at fault, brought this suit against Callahan praying for judgment for $926.25, admittedly the cost of repairing the damage sustained by the Gattuso car.
Callahan denied that he had been in any way at fault, and, averring that the collision had been caused solely by negligence of Mrs. Gattuso, prayed that the suit of Gattuso be dismissed and then assuming the position of plaintiff in reconvention and averring that at the time of the occurrence Mrs. Gattuso had been engaged in the carrying out of a family mission, he prayed for judgment against Gattuso in the sum of $537.94 which, it is conceded, was the estimated cost of repairing the damage sustained by his Oldsmobile.
There was judgment dismissing both the main and the reconventional demands and Gattuso has appealed. Callahan neither answered the appeal nor appealed independently from the judgment insofar as it dismissed his reconventional demand.
As Mrs. Gattuso approached the intersection with the intention of turning to her left into Derbigny Street, she swerved slightly in that direction and then, noticing that a third car was on Derbigny Street attempting to enter Tenth Street, and realizing that this would make it difficult for her to enter Derbigny Street, she decided to continue on Tenth Street to the next corner and brought her car back to its original course on Tenth Street. As Mrs. Gattuso was entering the intersection with the intention of turning to her left' and looking at the third car, Callahan, in his Oldsmobile, was approaching the same intersection from her right, and when the two cars neared the center of the intersection, the Callahan car struck the Gattuso car and damage to both resulted.
Callahan contends that, since he was approaching from the right, he was entitled to the right of way as a result of LSA-R.S 32:237, subd. A. Gattuso, on the other hand, maintains that Mrs. Gattuso entered the intersection first and that thus she pre *711 empted it and that consequently Callahan should have stopped or reduced his speed sufficiently to allow her to continue across the intersection.
The record leaves no doubt in our minds that both drivers were at fault and that the negligence of each contributed to the unfortunate result.
Callahan was evidently operating his car at considerable speed since it is shown that, although he applied his brakes and skidded 42 feet, he still had sufficient momentum to strike the other car with considerable force and to cause the very extensive .damage already referred to.
On the other hand, it is clear that Mrs. Gattuso entered the intersection without making certain that no car was approaching from her right, since she says that she did not see the Callahan car until it struck her. When asked whether she had seen the Callahan car at any time before the crash, she answered, “No.”
She says that her speed was moderate. However, the two occupants of the third car, Mrs. Jane Heggelund and Mrs. Leon Hill, gave a different version. Mrs. Heg-gelund, referring to the speed of the Gat-tuso car, says:
“ * * * I don’t know the actual rate of speed but the car was travelling fast according to my estimation. She was not going slow by no means.”
She also said that Mrs. Gattuso evidently had not applied her brakes.
Mrs. Hill says that Mrs. Gattuso “wasn’t going outrageously fast but kind of fast.”
As already stated, the record convinces us that the two drivers, Mrs. Gattuso and and Callahan, drove into the intersection each without due regard for the possible presence of the other car and that thus both were at fault. It is evident that it would not be proper to say that the District Judge was manifestly in error in dismissing the suit of Gattuso. That judgment appears to us to be entirely correct.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.